**240**

John A. Ciraldo, with whom Perkins, Thompson, Hinckley & Keddy, Portland, ME, was on brief for appellant.

Michael M. DuBose, Asst. U.S. Atty., with whom Jay P. McCloskey, U.S. Atty., Portland, ME, was on brief for appellee.

---

UNITED STATES of America, Appellee,

v.

Paul DIMEO, Defendant, Appellant.

No. 93–2272.

United States Court of Appeals,
First Circuit.

July 7, 1994.

Before SELYA, Circuit Judge, BOWNES, Senior Circuit Judge, and CYR, Circuit Judge.

CYR, Circuit Judge.

After the district court, acting *sua sponte,* reduced its original sentence in response to a recent amendment to the Sentencing Guidelines, *see* United States Sentencing Commission, *Guidelines Manual,* § 2D1.1, comment. (backg'd.) (Nov.1993), defendant Paul Dimeo appealed the revised sentence on the ground that the district court erred in not reducing the prison term below the minimum mandated by statute. Finding no error, we affirm.

Appellant Dimeo pled guilty to conspiring to distribute more than one gram of lysergic acid diethylamide ("LSD"). *See* 21 U.S.C. §§ 841(a)(1) and 846. For purposes of determining both the statutory mandatory minimum sentence ("MMS"), *see* 21 U.S.C. § 841(b)(1)(B)(v) (prescribing five-year MMS for distributing "1 gram or more of a mixture or substance containing a detectable amount of [LSD]"), and the applicable Guideline sentencing range ("GSR"), *see* U.S.S.G. § 2D1.1(c) (Nov.1991),[1] the district court included the entire weight of the paper carrier medium used in distributing the 900 LSD doses. *See Chapman v. United States,* 500 U.S. 453, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991) (construing "mixture or substance," in 21 U.S.C. § 841(b), as "requir[ing] the weight of the carrier medium to be included"). The 63–month prison term originally imposed under the Guidelines (BOL: 26; CHC: I; GSR: 63–78 months) trumped the five-year MMS under 21 U.S.C. § 841(b)(1)(B)(v) for distributing one gram or more of LSD. *See* U.S.S.G. § 5G1.1(c).

Effective November 1, 1993, however, the Sentencing Commission amended U.S.S.G. § 2D1.1, *see* 28 U.S.C. § 944(p), by prescribing a less stringent (0.4 milligram per-dose) formula for calculating LSD quantity than the regime previously upheld in *Chapman. See* U.S.S.G. § 2D1.1, comment. (backg'd.) (Nov.1993) (hereinafter, "Amendment 488"). As the Commission provided

---

1. *See United States v. Dimeo,* 753 F.Supp. 23, 26 (D.Me.1990), *aff'd,* 946 F.2d 880 (1st Cir.1991)

(table).

that Amendment 488 may be given retroactive effect consistent with 18 U.S.C. § 3582(c)(2),[2] *see United States v. Boot,* 25 F.3d 52, 53 (1st Cir.1994), the district court later reduced the LSD quantity for Guidelines sentencing purposes from 6.25 grams to 0.36 of a gram, and the GSR to 21–27 months, but did not reduce Dimeo's sentence below the five-year MMS, and Dimeo appealed.[3]

On appeal, Dimeo claims for the first time that by permitting Amendment 488 to take effect Congress signaled its intention that LSD weight be calculated under a unitary method for both GSR and MMS purposes, thereby implicitly overruling *Chapman.*[4] Further, also for the first time, Dimeo asserts a constitutional challenge to the coexistence of these two divergent regimes for determining LSD quantity, as violative of due process and equal protection. Even if these claims were not deemed waived in the district court for failure to raise them either before or after entry of the revised judgment, *see supra* note 3, they fail for other reasons.

■ A sentence reduction pursuant to Amendment 488 is expressly conditioned on conformance with 18 U.S.C. § 3582(c)(2), which confers no power on the district court to reduce a minimum sentence mandated by statute. Furthermore, as discussed in *Boot,* 25 F.3d at 55, a MMS reduction would ex-

ceed the power conferred upon the district court under 18 U.S.C. § 3582(c)(2), *see supra* note 2, since it would be inconsistent with the Sentencing Commission policy statement accompanying Amendment 488: "Nonetheless, this [new Guidelines] approach does not override the applicability of 'mixture or substance' for the purpose of applying any mandatory minimum sentence (*see Chapman;* § 5G1.1(b))." U.S.S.G. § 2D1.1, comment. (backg'd.). *See also Boot,* 25 F.3d at 55.

*Affirmed.*

---

2. Section 3582(c)(2) provides that the district court, on its own motion, *may* reduce a sentence imposed under the Sentencing Guidelines *if* "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

3. On November 1, 1993, the United States Probation Office recommended a reduction in Dimeo's guideline sentence pursuant to Amendment 488 but advised against any reduction in the five-year MMS. The district court received no input from the parties and conducted no hearing. Dimeo's former counsel, even though not *reappointed* until after the district court had entered its revised sentence on November 15, 1993, nevertheless alertly contacted the clerk of the district court on October 27, 1993, inquiring as to the procedure for resolving issues relating to any reduction in Dimeo's sentence. For whatever reason, the record on appeal reflects no written or oral presentation from Dimeo in the district court either

before or after the sentence reduction. Thus, the claims Dimeo asserts on appeal were never presented to the district court, and are deemed waived. *United States v. Elwell,* 984 F.2d 1289, 1298 (1st Cir.) (claims not raised in district court are waived), *cert. denied,* — U.S. ——, 113 S.Ct. 2429, 124 L.Ed.2d 650 (1993).

4. This claim is foreclosed by our recent decision in *Boot,* 25 F.3d at 55. We note, further, that the constitutional challenge belatedly asserted by appellant may entail considerable risk. *Chapman* conclusively establishes the constitutionality of the "mixture or substance" methodology for MMS purposes. *Id.* Were a court to conclude that the "mixture or substance" methodology and the 0.4 milligram per-dose formula cannot coexist constitutionally, it seems virtually certain that Amendment 488, rather than the "mixture or substance" methodology upheld in *Chapman,* would be struck down, and with it the Guidelines sentence reduction. *But see infra* at p. 241.