USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1411 REYNALDO RESTREPO-CONTRERAS, Petitioner, Appellant, v. UNITED STATES OF AMERICA, Respondent, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jaime Pieras, Jr., Senior U.S. District Judge] __________________________ ____________________ Before Torruella, Chief Judge, ___________ Cyr and Stahl, Circuit Judges. ______________ ____________________ Reynaldo Restrepo Contreras on brief pro se. ___________________________ Guillermo Gil, United States Attorney, Warren Vazquez, Assistant _____________ ______________ United States Attorney, and Jose A. Quiles Espinosa, Senior Litigation _______________________ Counsel, on brief for appellee. ____________________ November 4, 1996 ____________________ Per Curiam. Petitioner Reynaldo Restrepo Contreras, ___________ having persuaded the district court to reduce his sentence in light of a retroactive amendment to the sentencing guidelines, complains on appeal that the court should have further reduced his sentence pursuant to a nonretroactive amendment. We disagree and therefore affirm. In 1990, petitioner was convicted of two offenses involving cocaine base and sentenced to 360 months in prison. This court affirmed the judgment on direct appeal. See ___ United States v. Restrepo-Contreras, 942 F.2d 96 (1st Cir. _____________ __________________ 1991), cert. denied, 502 U.S. 1066 (1992). In February 1994, ____________ petitioner filed a motion under 28 U.S.C. 2255 or in the alternative under 18 U.S.C. 3582(c)(2), seeking a reduction of sentence because of two amendments to U.S.S.G. 2D1.1 that had taken effect the previous November. One of these (amendment 484) defined the term "mixture or substance" to exclude materials that must be separated from a controlled substance before that substance could be used; the other (amendment 487) defined the term cocaine base to mean "crack" cocaine. Amendment 484 was included in U.S.S.G. 1B1.10's listing of amendments that may be considered for retroactive application; amendment 487 was not. In a February 1996 ruling, the district court granted the motion in part. Relying on amendment 484, as well as on a later amendment that retroactively reduced the maximum base -2- offense level (amendment 505), the court recalculated the drug quantity, reconfigured the applicable offense level, and reduced petitioner's sentence to 235 months--the low end of the revised sentencing range. The court declined, however, to invoke amendment 487 due to its prospective nature. Contrary to petitioner's claim, this latter determination entailed no error. "Resentencing" in the 3582(c)(2) context is different from that which occurs when an appellate court vacates a sentence and remands for resentencing. In the latter situation, the lower court normally is to apply the version of the guidelines in effect at the time of resentencing (absent ex post facto concerns). See, e.g., United States v. _____________ ___ ____ _____________ Graham, 83 F.3d 1466, 1482 (D.C. Cir. 1996); United States v. ______ _____________ Canon, 66 F.3d 1073, 1076 n.1 (9th Cir. 1995). For  _____ 3582(c)(2) determinations, the guidelines dictate a different approach. Section 1B1.10(b) instructs the court to "consider the sentence that it would have imposed had the amendment(s) to the guidelines listed in subsection (c) [i.e., those that have been designated as retroactive] been in effect at the time the defendant was sentenced." And an accompanying application note states: In determining the amended guideline range under subsection (b), the court shall substitute only the ____ amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced. All ___ otherguidelineapplicationdecisionsremainunaffected. __________________________________________________ -3- U.S.S.G. 1B1.10 n.2 (emphasis added). In accordance with these directions, the district court properly refrained from applying amendment 487. In the alternative, petitioner argues that amendment 487 is a "clarifying" rather than "substantive" amendment which may properly be invoked on a retroactive basis, whether in connection with a 3582(c)(2) resentencing or by way of a  2255 proceeding. See, e.g., Isabel v. United States, 980 ___ ____ ______ ______________ F.2d 60, 62 (1st Cir. 1992). Yet courts have uniformly characterized amendment 487 as a substantive change. See, ___ e.g., United States v. Booker, 70 F.3d 488, 489-90 (7th Cir. ____ _____________ ______ 1995), cert. denied, 116 S. Ct. 1334 (1996); United States v. ____________ _____________ Kissick, 69 F.3d 1048, 1053 (10th Cir. 1995); United States _______ _____________ v. Samuels, 59 F.3d 526, 529 (5th Cir. 1995). We agree with _______ that assessment, especially since the amendment conflicts with this court's holding in United States v. Lopez-Gil, 965 _____________ _________ F.2d 1124, 1134-35 (1st Cir.) (on rehearing), cert. denied, ____________ 506 U.S. 981 (1992). See, e.g., United States v. Rostoff, 53 ___ ____ _____________ _______ F.3d 398, 406 (1st Cir. 1995) (deeming an amendment to be substantive when it is at odds with prevailing circuit precedent).  Petitioner's further contention--that he was improperly denied the right to a hearing--is misplaced. "A 3582(c)(2) motion is not a second opportunity to present mitigating factors to the sentencing judge, nor is it a challenge to the -4- appropriateness of the original sentence." United States v. _____________ Whitebird, 55 F.3d 1007, 1011 (5th Cir. 1995) (finding no _________ right to counsel in connection therewith). A reduction of sentence thus need not invariably be accompanied by a hearing. See, e.g., United States v. Dimeo, 28 F.3d 240, 241 ___ ____ _____________ _____ n.3 (1st Cir. 1994); see also United States v. De Los Santos- ________ _____________ ______________ Himitola, 924 F.2d 380, 382-83 (1st Cir. 1991). Having ________ examined the issues that petitioner wished to argue to the resentencing court, we find that each of them would have been unavailing.  We have considered the remaining arguments advanced by petitioner on appeal and summarily reject them as lacking in merit.  Affirmed. _________ -5-