UNITED STATES of America, Plaintiff-Appellee,

v.

Samuel J. HESTER, Defendant-Appellant.

No. 97-9232.

United States Court of Appeals,

Eleventh Circuit.

Aug. 9, 2001.

Appeal from the United States District Court for the Middle District of Georgia.(No. 93-00007-3-CR-DF), Duross Fitzpatrick, Judge.

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before BLACK, WILSON and RONEY, Circuit Judges.

BLACK, Circuit Judge:

On April 15, 1994, a jury convicted Appellant Samuel Hester of conspiracy to manufacture, possess with intent to distribute, and distribute marijuana; manufacture of marijuana; distribution of marijuana; possession with intent to distribute marijuana; and possession of a firearm by a convicted felon. The Government filed an information pursuant to 21 U.S.C. § 851, seeking to enhance Appellant's sentence based on Appellant's prior Georgia state conviction for the sale of marijuana. When Appellant was originally sentenced, the district court, by a preponderance of the evidence, found him responsible for 2,924 marijuana plants. United States Sentencing Guidelines § 2D1.1(c)(4), as then in effect, instructed the district court to impose an equivalency of one kilogram per plant for an offense involving more than 50 plants. This calculation produced a Guideline range of 240 to 262 months' imprisonment. The district court sentenced Appellant to 262 months' imprisonment.

Appellant filed a notice of appeal on February 10, 1995. Effective November 1, 1995, the Sentencing Commission added Amendment 516 to the Guidelines. Amendment 516 changed the weight calculation applicable to marijuana plants and instructed district courts to use a standard of 100 grams per plant (or the actual weight of the plant if higher) regardless of the number of plants involved in the offense.[1] Amendment 516 applies retroactively. Accordingly, this Court affirmed Appellant's conviction, but remanded for resentencing in light of Amendment 516. *See United States v. Hester,* 199 F.3d 1287, 1289 (11th Cir.2000).

---

[1]The Amendment reveals that the Sentencing commission believed that 100 grams per plant better reflected the true weight of marijuana plants.

On remand, on July 5, 1996, the district court observed that application of Amendment 516 reduced Appellant's Guideline range to 108 to 135 months' imprisonment. The court also noted, however, that 21 U.S.C. § 841(b)(1)(A)(vii) provided a statutory mandatory minimum sentence of 20 years for a drug amount in excess of 1,000 plants combined with a prior conviction. The district court therefore sentenced Appellant to 20 years' imprisonment.

On appeal, we rejected Appellant's argument that the number of marijuana plants constituted "an element of his offense which the Government failed to prove beyond a reasonable doubt."[2] *Hester,* 199 F.3d at 1291. The Supreme Court subsequently decided *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), declaring that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. at 2362-63. The Supreme Court later granted Appellant's petition for *certiorari,* vacated our opinion in this case, and remanded it to us for further consideration in light of *Apprendi. Hester v. United States,* 531 U.S. 941, 121 S.Ct. 336, 148 L.Ed.2d 270 (2000). We now vacate Appellant's sentence and remand to the district court for resentencing in light of *Apprendi.*

VACATED AND REMANDED.

---

[2]We first held that "Amendment 516 did not render the sentencing regime unconstitutional." 199 F.3d at 1290. The Supreme Court's remand does not require us to reconsider that aspect of our holding.