[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 11, 2002
THOMAS K. KAHN
CLERK

No. 97-9232

_____

D. C. Docket No. 93-00007-3-CR-DF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAMUEL J. HESTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(April 11, 2002)**

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before BLACK, WILSON and RONEY, Circuit Judges.

BLACK, Circuit Judge:

On April 15, 1994, a jury convicted Appellant Samuel Hester of conspiracy to manufacture, possess with intent to distribute, and distribute marijuana; manufacture of marijuana; distribution of marijuana; possession with intent to distribute marijuana; and possession of a firearm by a convicted felon. The Government filed an information pursuant to 21 U.S.C. §851, seeking to enhance Appellant's sentence based on Appellant's prior Georgia state conviction for the sale of marijuana. When Appellant was originally sentenced, the district court, by a preponderance of the evidence, found him responsible for 2,924 marijuana plants. United States Sentencing Guidelines § 2D1.1(c)(4), as then in effect, instructed the district court to impose an equivalency of one kilogram per plant for an offense involving more than 50 plants. This calculation produced a Guideline range of 240 to 262 months' imprisonment. The district court sentenced Appellant to 262 months' imprisonment.

Appellant filed a notice of appeal on February 10, 1995. Effective November 1, 1995, the Sentencing Commission added Amendment 516 to the Guidelines. Amendment 516 changed the weight calculation applicable to marijuana plants and instructed district courts to use a standard of 100 grams per plant (or the actual weight of the plant if higher) regardless of the number of plants

involved in the offense.[1]  Amendment 516 applies retroactively.  Accordingly, this Court affirmed Appellant's conviction, but remanded for resentencing in light of Amendment 516.  *See United States v. Hester*, 199 F.3d 1287, 1298 (11th Cir. 2000).

On remand, on July 5, 1996, the district court observed that application of Amendment 516 reduced Appellant's Guideline range to 108 to 135 months' imprisonment.  The court also noted, however, that 21 U.S.C. § 841(b)(1)(A)(vii) provided a statutory mandatory minimum sentence of 20 years for a drug amount in excess of 1,000 plants combined with a prior conviction.  The district court therefore sentenced Appellant to 20 years' imprisonment.

On appeal, we rejected Appellant's argument that the number of marijuana plants constituted "an element of his offense which the Government failed to prove beyond a reasonable doubt."[2]  *Hester*, 199 F.3d at 1291.  The Supreme Court subsequently decided *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), declaring that "[o]ther than the fact of a prior conviction, any fact that

---

[1]The Amendment reveals that the Sentencing commission believed that 100 grams per plant better reflected the true weight of marijuana plants.

[2]We first held that "Amendment 516 did not render the sentencing regime unconstitutional." 199 F.3d at 1290.  The Supreme Court's remand does not require us to reconsider that aspect of our holding.

increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S. Ct. at 2362-63. The Supreme Court later granted Appellant's petition for *certiorari*, vacated our opinion in this case, and remanded it to us for further consideration in light of *Apprendi*. *Hester v. United States*, 121 S. Ct. 336 (2000). On August 9, 2001, we entered an order on remand. Shortly thereafter, however, on August 24, 2001, we vacated the August 9, 2001, order and held this case in abeyance pending an *en banc* decision by this Court in *United States v. Sanchez*, Nos. 00-113347 & 00-13447. On October 17, 2001, this Court issued its opinion in *United States v. Sanchez*, 269 F.3d 1250 (11th Cir. 2001) (en banc), canvassing the law of this Circuit in the wake of *Apprendi*.

In *Sanchez*, we expressly rejected the notion, previously suggested by *United States v. Rogers*, 228 F.3d 1318 (11th Cir. 2000), that "the mere fact that a sentence arose in 'section 841(b)(1)(A) and section 841(b)(1)(B) cases' meant that drug quantity must be charged in the indictment [as an element of the offense] and proven to a jury beyond a reasonable doubt even if the sentence did not exceed the statutory maximum in § 841(b)(1)(C)." *Sanchez*, 269 F.3d at 1278. We confirmed that "a district court's drug quantity findings and utilization of the § 841(b)(1)(A) and § 841(b)(1)(B) sentencing schemes in § 841 cases in no manner violate

4

*Apprendi unless the actual sentence ultimately imposed exceeds the catchall*

*maximum penalty in § 841(b)(1)(C).*"  *Id.* at 1279 (emphasis altered).

In this case, because Appellant did not raise the *Apprendi* constitutional

error before the district court, we review Appellant's claim for plain error.  *See*

*Sanchez*, 269 F.3d at 1278; *United States v. Candelario*, 240 F.3d 1300, 1308 (11th

Cir.), *cert. denied*, 121 S. Ct. 2535 (2001).  Based on a judicial finding at

sentencing that Appellant had more than 1,000 marijuana plants, the district court

sentenced Appellant to the mandatory minimum sentence of 20 years pursuant to

21 U.S.C.  § 841(b)(1)(A)(vii).  Appellant had a prior drug conviction which

increased his maximum penalty from 5 years for each count to 10 years pursuant to

§ 841(b)(1)(D).  Thus, without a finding of drug quantity, Appellant's maximum

penalty under § 841(b)(1)(D) was 10 years for *each* of the 5 counts in the

indictment of which he was convicted, resulting in a "possible maximum sentence"

of 50 years altogether.  *United States v. Smith*, 240 F.3d 927, 930 (11th Cir. 2001).

"When the ultimate sentence [(in this case, 20 years)] does not exceed the

aggregate statutory maximum for the multiple convictions [(in this case, 50 years)],

no effect on substantial rights has occurred that must be remedied.  Also, the

fairness, integrity, and public reputation of the judicial proceedings are not subject

to serious question."  *Id.*; *United States v. Nguyen*, 255 F.3d 1335, 1344 (11th Cir.)

("[The defendant's] sentences must be vacated because they exceeded forty years, the *combined* maximum sentences of the substantive count and the conspiracy count.") (emphasis added) (citing *Smith*), *cert. denied*, 122 S. Ct. 573 (2001). Accordingly, there was no error in the sentence received by the Defendant.

AFFIRMED.