PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
01/07/2000
THOMAS K. KAHN
CLERK

_____

No. 97-9232

_____

D. C. Docket No. 93-00007-3-CR-DF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAMUEL J. HESTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(January 7, 2000)**

Before BLACK and WILSON, Circuit Judges, and RONEY, Senior Circuit Judge.

BLACK, Circuit Judge:

After a jury convicted Appellant Samuel J. Hester of 5 counts relating to the production and sale of marijuana, the district court imposed a 20-year mandatory minimum sentence which significantly exceeded the range prescribed by the Sentencing Guidelines. Appellant contends that the district court erred in imposing the mandatory minimum sentence because the disparity between the Guidelines and the mandatory minimum violates the Due Process and Equal Protection Clauses and because the amount of marijuana involved constitutes an element of the offense which the Government did not prove beyond a reasonable doubt. We discern no error and affirm.

## I. BACKGROUND

On April 15, 1994, a jury convicted Appellant of conspiracy to manufacture, possess with intent to distribute, and distribute marijuana; manufacture of marijuana; distribution of marijuana; possession with intent to distribute marijuana; and possession of a firearm by a convicted felon. The Government filed a notice of enhancement based on Appellant's prior Georgia conviction for the sale of marijuana. At Appellant's first sentencing, the district court found Appellant responsible for 2,924 marijuana plants. United States Sentencing Guidelines § 2D1.1(c)(4), as then in effect, instructed the district court to impose an equivalency of one kilogram per plant for an offense involving more than 50 plants. This

produced a Guideline range of 240 to 262 months. Similarly, 21 U.S.C. § 841(b)(1)(A)(vii) contains a mandatory minimum sentence of 20 years for a drug amount in excess of 1,000 plants combined with a prior conviction. The district court selected the upper end of the Guideline range and sentenced Appellant to 262 months. Appellant filed his first notice of appeal on February 10, 1995.

Effective November 1, 1995, the Sentencing Commission changed the Guidelines by adding Amendment 516 which applies retroactively. Amendment 516 altered the weight calculation with respect to marijuana plants and instructed district courts to use a standard of 100 grams per plant (or the actual weight of the plant if higher) regardless of the number of plants involved in the offense. The Amendment reveals that the Sentencing Commission felt that 100 grams per plant better reflected the true weight of marijuana plants. Accordingly, on May 20, 1996, this Court affirmed Appellant's conviction but remanded for resentencing in light of Amendment 516.

On remand, on July 5, 1996, the district court observed that with the application of Amendment 516 the Guideline range reached from 108 to 135 months but that the statutory mandatory minimum remained at 20 years. The district court thus imposed the mandatory minimum sentence. This appeal followed.

## II. DISCUSSION

Appellant offers two arguments against the imposition of the mandatory minimum sentence. First, Appellant claims that the difference between the Guideline range and the statutory mandatory minimum violates the Due Process and Equal Protection Clauses. Second, Appellant maintains that the Government failed to prove the amount of drugs as an element of the offense beyond a reasonable doubt. This Court reviews the factual findings of the district court for clear error but reviews the district court's interpretation of the Sentencing Guidelines de novo. *See United States v. Moore*, 6 F.3d 715, 718 (11th Cir. 1993). We review constitutional challenges to a statutory scheme de novo. *See United States v. Dascenzo*, 152 F.3d 1300, 1301 (11th Cir. 1998).

### A. Validity of the Sentencing Scheme

In *United States v. Osburn*, this Court upheld the former sentencing structure, under § 841(b)(1)(B)(vii) and § 2D1.1 of the Guidelines, in the face of a constitutional challenge. 955 F.2d 1500 (11th Cir. 1992). We explained that Congress could rationally have decided that large-scale drug traffickers present a greater danger to society and deserve harsher punishment. *See id.* at 1508. Appellant now asks us to conclude that Congress acted irrationally, and thus in violation of the Constitution, by standardizing the plant to weight conversion ratio

in the Sentencing Guidelines without a concomitant change in the governing statute.[1]  The only Court of Appeals that has considered this issue rejected Appellant's argument.  *See United States v. Marshall*, 95 F.3d 700, 701 (8th Cir. 1996).

We agree with the Eighth Circuit that Amendment 516 did not render the sentencing regime unconstitutional.  We need not determine Congress's justification for approving the Amendment; we need only examine the decision to evaluate whether it rests on a rational basis.  Congress could have approved of a more uniform approach to plant and weight equivalency while it decided to maintain a severe penalty for large-scale traffickers.  We approved of such a consideration in *Osburn*.  Congress might have acted incrementally and ratified the Guideline change as a precursor to Congress's reconsideration of the statutory mandatory minimum.  Such an act by Congress would survive a rational basis review.  *See Williamson v. Lee Optical Co.*, 348 U.S. 483, 489, 75 S. Ct. 461, 465

---

[1] Of course, the passage of Amendment 516 did not alter the mandatory minimum sentence contained in the statute.  *See United States v. Eggersdorf*, 126 F.3d 1318, 1320-21 (11th Cir. 1997).  *See also* U.S.S.G. § 5G1.1(b) (explaining that when the mandatory minimum exceeds the applicable guideline range, the mandatory minimum becomes the guideline sentence).

(1955).  Under either approach, Congress did not act irrationally by approving

Amendment 516.[2]

This conclusion comports with other decisions that have considered arguable

discrepancies between mandatory minimums and the Sentencing Guidelines.  *See,*

*e.g., Neal v. United States*, 516 U.S. 284, 296, 116 S. Ct. 763, 769 (1996)

(upholding mandatory minimum with respect to LSD sentence despite its potential

conflict with a provision of the Guidelines).  It also reflects the general view that

Congress enjoys wide latitude in deciding the severity of punishment for drug

offenses.  *See, e.g., United States v. Solomon*, 848 F.2d 156, 157-58 (11th Cir.

1998) (upholding punishment based on drug weight regardless of purity).

Finally, we reject Appellant's argument that the sentencing regime treats

similar offenders differently in violation of the Equal Protection Clause.  Appellant

points out that two offenders with his criminal history and role in the offense

caught with 999 and 1000 plants respectively would face guideline ranges of 86 to

108 months and 108 to 135 months but mandatory minimum sentences of 120

months and 240 months.  While Appellant correctly describes the applicable

---

[2] We also observe, but do not decide, a hidden peril in Appellant's argument: as the First Circuit noted in a discussion of Amendment 488, "[w]ere a court to conclude that the [Guideline and statutory approaches] cannot coexist constitutionally, it seems virtually certain that Amendment 488, rather than [the statute] would be struck down, and with it the Guidelines sentence reduction." *United States v. Dimeo*, 28 F.3d 240, 241 n.4 (1st Cir. 1994).

6

sentences, he fails to recognize that Congress must draw lines between classes of offenders and that those lines might appear arbitrary at the edges. We have already approved of this sentencing regime, which sharply distinguishes between the possession of certain numbers of plants, *see Osburn*, 955 F.2d at 1507, and we do so again here.

B. Drug Amount as an Element of the Offense

The parties agree, as they must, that in order to obtain a conviction the Government must charge all of the elements of an offense, submit all the elements to a jury, and prove all of them beyond a reasonable doubt. *See Jones v. United States*, ___ U.S. ___, 119 S. Ct. 1215, 1219 (1999). The parties also agree that the Government did not consider the number of marijuana plants an element of Appellant's offense. Instead, while the Government clearly introduced evidence at trial regarding the number of plants involved, the district court determined the actual number of plants at sentencing.

Appellant argues, based on *Jones*, that the number of plants constitutes an element of his offense which the Government failed to prove beyond a reasonable doubt. While this Court has not yet had an opportunity to address *Jones*, we have clearly rejected the characterization of the amount of drugs as an element of the offense under 841. *See United States v. Perez*, 960 F.2d 1569, 1574-76 (11th Cir.

7

1992) (reaffirming that weight or quantity of a controlled substance does not constitute an element of the offense under § 841); *United States v. Cross*, 916 F.2d 622, 623 (11th Cir. 1990) (holding that nature and quantity of controlled substance is a sentencing provision, not an element, applicable only after conviction under § 841(a)); *United States v. Williams*, 876 F.2d 1521, 1524-25 (11th Cir. 1989) (concluding that "nature and quantity of the controlled substance are relevant only to sentencing and do not constitute elements of a lesser included offense"). Accordingly, binding authority in this Circuit forecloses Appellant's argument unless the Supreme Court decided otherwise in *Jones*. We now turn to that issue.

In *Jones v. United States*, the Supreme Court examined the federal carjacking statute, 18 U.S.C. § 2119, to determine if it defined three distinct offenses or one offense with a choice of three maximum penalties. 119 S. Ct. at 1217. The Court concluded that the statute did not clearly resolve the question. It commented that two subsections provided for significantly higher penalties and relied on further facts such as injury and death "that seem quite as important as the elements in the principal paragraph." *Id.* at 1219. The Court then observed that the statute was "unlike most offense-defining provisions in the federal criminal code, which genuinely stand on their own grammatical feet thanks to phrases such as 'shall be unlawful'" and recommended examining other, similar statutes to

8

discern Congress' intent. *Id.* at 1219-20. It noted that many statutes consider injury or death elements of an offense because the statutes use them to differentiate between types of offenses such as robbery and aggravated robbery. The Court then announced that while it believed the fairest reading of § 2119 would treat serous bodily harm as an element of the offense, it would resolve any doubt in favor of the defendant. *Id.* at 1222.

In the next section of the opinion, the Court canvassed its past cases to remind courts of the principle that the Government must allege and prove every element of the crime beyond a reasonable doubt and cannot shift the burden of proof on an element to the defense. *See id.* at 1227-28. The Court noted that in its last Term it approved the use of recidivism as a sentencing factor, not an element of the offense. *See id.* at 1226-27 (citing *Almendarez-Torres v. United States*, 118 S. Ct. 1219 (1998)). The Court commented in a footnote that

> under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.

119 S. Ct. at 1224 n.6.

This language allows two plausible readings of *Jones*. First, footnote six means exactly what it says: *any* factor which can increase the maximum penalty for

9

an offense constitutes an element of that offense.[3]  Second, when a court finds a

statute and its legislative history unclear,[4] the court should err in favor of the

defendant and consider an element of the offense any factor which increases the

maximum penalty for the offense.

The latter reading correctly reflects the Court's opinion in *Jones*.  If the

Court meant to announce a rule that any factor which increases the maximum

penalty counts as an element, then it would render irrelevant the detailed analysis

of the statute and its legislative history discussed in the first part of the opinion.  In

other words, if any factor that increases the maximum penalty amounts to an

element of the crime, the Court did not need to bother with determining whether or

not Congress considered it an element.  It seems that the Court proceeded with its

analysis only because it first found Congress' intent ambiguous.  *See id.* at 1222.

In addition, a broad rule would have sweeping implications for factors that

---

[3]  Appellant urges us to reach this result.  Appellant also attempts to take a more moderate approach.  He argues that we should certainly find that the amount of drugs constitutes an element of the offense when the amount leads to a dramatic increase in sentence even if we decide that weight is not an element when faced with trivial increases.

[4]  Assuming, of course, that courts keep in mind the separate limitation that Congress cannot shift the burden of proof on elements of the offense to defendants even if Congress clearly attempts to do so.

Congress has traditionally considered sentencing considerations, not elements of the crime.[5]

Other circuits have adopted the narrower reading of *Jones*. Three circuits reexamined whether the enhanced penalties based upon the type of firearm in 18 U.S.C. § 924(c)(1) constitute elements of the offense. *See United States v. Eads*, 191 F.3d 1206 (10th Cir.1999), *petition for cert. filed*, ___ S. Ct. ___ (U.S. Nov. 1, 1999) (No. 99-6907); *United States v. Baldwin*, 186 F.3d 99 (2d Cir.1999), *cert. denied*, ___ S. Ct. ___ (U.S. Nov. 29, 1999); *United States v. Castillo*, 179 F.3d 321 (5th Cir. 1999), *petition for cert. filed*, ___ S. Ct. ___ (U.S. Oct. 15, 1999) (No. 99-658). The Tenth Circuit held that the enhancement did not constitute an element of the offense. It noted that the broad language in footnote six of *Jones* "seems to call this rationale into question" but decided that its ruling did not run afoul of *Jones* because of a "more reasonable reading of Jones, one that anchors its holding to its facts, i.e., the statutory provision involved." 191 F.3d at 1213-14. The Fifth Circuit decided that, unlike *Jones*, the legislative history regarding § 924(c)(1) never indicated an intent to create a new offense based on the type of weapon and thus the enhancement amounted to only a sentencing factor. *See*

---

[5] In fact, tradition played a central role in the Court's decision to allow recidivism as a sentencing factor just one year earlier in *Almendarez-Torres*, and *Jones* explicitly refused to disturb that precedent. *See id.* at 1227.

11

*Castillo*, 179 F.3d at 328. The Second Circuit also took this approach. That court commented that Congress divided the statute into two sections—§ 922 "Unlawful acts" and § 924 "Penalties." *See Baldwin*, 186 F.3d at 101.

Similarly, Congress divided § 841 into several subsections. Subsection (a) lists "Unlawful acts" while subsection (b) enumerates "Penalties." As we have announced in our previous cases, Congress decided that the elements of a § 841 offense do not include the weight of the drugs. This conclusion follows our latest case on the subject, *United States v. Rutherford*, 175 F.3d 899 (11th Cir. 1999). *Rutherford* came after *Jones*, and, although it did not explicitly address the holding of *Jones*, it continued to rely on *Williams* and *Cross* for the proposition that the "nature of the controlled substance neither constitutes an element of the offense nor broadens the bases for conviction, but is relevant only for sentencing purposes." 175 F.3d at 906.[6]

## III. CONCLUSION

---

[6] Appellant also argues that we should utilize the rule of lenity or avoid the constitutional questions raised by the statute by holding that the district court had the authority to sentence Appellant under § 841(b)(1)(B) instead of § 841(b)(1)(A). Appellant would have us ignore the fact that while the former section governs offenses involving "100 or more marijuana plants regardless of weight," the latter section explicitly applies when the offense involves more than 1000 plants. We decline to do so because we think it clear that subsection (b)(1)(B) applies to offenses involving more than 100 but less than 1000 plants. In addition, because we do not observe any ambiguity in the statute, the rule of lenity does not apply.

Congress did not create a constitutionally impermissible sentencing regime by approving Amendment 516 to the Sentencing Guidelines and the Government did not need to prove the amount of drugs as an element of Appellant's offense. Accordingly, the district court properly sentenced Appellant to the statutory mandatory minimum.

AFFIRMED.