Case vacated and remanded by
Supreme Court order filed 11/27/00

UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                No. 99-4804

STEVEN LAVOUR TWITTY,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Dennis W. Shedd, District Judge.
(CR-98-826)

Submitted: April 25, 2000

Decided: May 23, 2000

Before MURNAGHAN, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Langdon D. Long, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant. J. Rene Josey, United States Attorney,
Marshall Prince, Assistant United States Attorney, Ann Agnew Cupp,
Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Steven Lavour Twitty pled guilty to knowing and intentional possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C.A. § 841(a)(1) (West 1999). The district court found at sentencing that Twitty was responsible for over 1.5 kilograms of the drugs. Twitty was sentenced to 500 months imprisonment followed by five years of supervised release.

Twitty argues on appeal that the threshold drug amounts set forth in 21 U.S.C. § 841(b) are elements of the offense, which must be alleged in the indictment, rather than sentencing factors. Because the drug quantity was not mentioned in the indictment, Twitty claims that the sentence imposed by the district court is invalid. Twitty relies on the Supreme Court's holding in Jones v. United States, 526 U.S. 227 (1999), to support his claim. In Jones, the Court held in relation to the federal carjacking statute that a factor that substantially increases a sentence is an element of the offense that must be charged in the indictment. Under § 841(b), the quantity of drugs involved in the offense affects the length of the sentence.

Several circuits have addressed the impact of Jones on § 841(b). No court has extended the holding in Jones to § 841(b), concluding that drug quantity is a sentencing factor under the statute. United States v. Jackson, ___ F.3d ___, 2000 WL 298575 (7th Cir. 2000); United States v. Thomas, 204 F.3d 381, 384 (2d Cir. 2000), petition for cert. filed, ___ U.S. ___ (U.S. March 24, 2000) (No. 99-8779); United States v. Hester, 199 F.3d 1287, 1291 92 (11th Cir. 2000); United States v. Jones, 194 F.3d 1178, 1183-86 (10th Cir. 1999), petition for cert. filed, ___ U.S.L.W. ___ (U.S. Feb. 10, 2000) (No. 99-8176). We join those courts, and decline to extend the reasoning in Jones to § 841(b).

Therefore, we affirm Twitty's conviction and sentence. We deny Twitty's motion to stay the appellate decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2