[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13535
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cv-00323-JDW-PRL

MICHAEL JEROME FILES,

Petitioner-Appellant,

versus

FCC COLEMAN – USP I WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 14, 2014)

Before TJOFLAT, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Michael Jerome Files, a federal prisoner proceeding *pro se*, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition for a writ of habeas corpus, and its denial of his motion for reconsideration of that dismissal. In Files's petition, he asserted that 28 U.S.C. § 2255 was inadequate and ineffective to challenge the legality of his detention because he was foreclosed from obtaining relief in a second or successive motion based on his argument that *DePierre*[1] announced a new statutory interpretation of law. His underlying claim was that the district court imposed enhanced statutory penalties on him under 21 U.S.C. § 841(b) without first having the jury determine a drug type and amount.

The district court dismissed his petition, concluding that Files's claim did not satisfy the savings clause of § 2255(e). Files filed a motion for reconsideration of the dismissal, which the district court denied.

On appeal, Files argues that *DePierre* is retroactively applicable because it announced a new substantive rule by narrowing the interpretation of 21 U.S.C. § 841(b)(1). He asserts that he was previously foreclosed by *United States v. Hester*, 199 F.3d 1287 (11th Cir. 2000), from raising his argument that the type and amount of drugs are elements of the offense. However, he contends that *Hester* has since been overturned by *DePierre*. He submits that, based on our holding in *Williams v. Warden*, 713 F.3d 1332 (11th Cir. 2013), he was not

---

[1] *DePierre v. United States*, 564 U.S. __, 131 S.Ct. 2225, 180 L.Ed.2d 114 (2011).

2

required to show that he was actually innocent of his offenses as articulated in *Wofford v. Scott*, 177 F.3d 1236 (11th Cir. 1999).  Files does not raise any arguments specific to the denial of his motion for reconsideration.

We review *de novo* the availability of habeas relief under 28 U.S.C. § 2241.  *Cook v. Wiley*, 208 F.3d 1314, 1317 (11th Cir. 2000).  We review the district court's denial of a motion for reconsideration for abuse of discretion.  *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

A federal prisoner must typically bring any collateral attack on the validity of his conviction or sentence under 28 U.S.C. § 2255.  *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003).  Once he has filed his initial § 2255 motion, he is barred from making second and successive motions except where his claim relies upon the existence of newly discovered evidence or a new rule of retroactively applicable constitutional law.  *See* 28 U.S.C. § 2255(h); *United States v. Diaz-Clark*, 292 F.3d 1310, 1316 (11th Cir. 2002).  In addition, pursuant to § 2255(e), known as the "savings clause," a prisoner may file a § 2241 petition if the § 2255 remedy "is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e); *Bryant v. Warden*, 738 F.3d 1253, 1263 (11th Cir. 2013).  The burden is on the movant to establish the inadequacy or ineffectiveness of the § 2255 remedy.  *Bryant*, 738 F.3d at 1262.  The savings clause is a jurisdictional provision that must be met in order for the claims to survive dismissal.  *Id.* at 1271.

3

The restriction against second and successive § 2255 motions, standing alone, cannot render § 2255's remedy inadequate or ineffective under the savings clause in § 2255(e). *Gilbert v. United States*, 640 F.3d 1293, 1308 (11th Cir. 2011) (*en banc*). Rather, we have explained that a petitioner meets this burden only where he shows that: (1) throughout his sentencing, direct appeal, and original § 2255 proceeding, his claim was squarely foreclosed by our binding precedent; (2) his current claim is based on a Supreme Court decision that overturned the precedent that had foreclosed his claim; (3) that Supreme Court decision is retroactively applicable on collateral review; (4) as a result of the application of the new rule, his sentences exceed the applicable statutory maximum penalties; and (5) the savings clause reaches his pure-*Begay*[2] error claim of illegal detention above the statutory maximum penalty. *Bryant*, 738 F.3d at 1274. We explained that a claim of illegal detention above the applicable statutory maximum penalty was a fundamental sentencing defect within the purview of the savings clause. *Id.* at 1281-84.

In *Apprendi*, the Supreme Court stated that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147

---

[2] *Begay v. United States*, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008).

4

L.Ed.2d 435 (2000).  We have stated that *Apprendi* does not apply retroactively on collateral appeal.  *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001).  However, in light of *Apprendi*, we have explained that the enhanced penalties in 21 U.S.C. § 841(b) cannot be applied unless the jury determines the drug type and quantity involved in the drug conspiracy offenses.  *United States v. Sanders*, 668 F.3d 1298, 1309 (11th Cir. 2012).  In *DePierre*, the Supreme Court held that the term "cocaine base," as used in § 841(b)(1), refers to not just crack cocaine, but any cocaine in its chemically basic form.  *DePierre*, 564 U.S. at __, 131 S.Ct. at 2237.

Files has not shown that he has met the requirements of the savings clause here.  The problem for Files is that his argument regarding drug type and amount is based on *Apprendi* at its core.  Files has already raised this argument under *Apprendi* on direct appeal, and in any event, *Apprendi* does not apply retroactively on collateral appeal.  *See McCoy*, 266 F.3d at 1258.  As such, Files cannot show that the claim he seeks to raise now was squarely foreclosed throughout his direct appeal and original § 2255 proceeding.  *See Bryant*, 738 F.3d at 1274.  As Files's claim could not proceed under the savings clause, and he has failed to make any additional argument specific to the denial of his motion for reconsideration on appeal, the district court correctly denied his motion.  Accordingly, we affirm.

**AFFIRMED.[3]**

---

[3]     Files' motion for appointment of counsel is DENIED as moot.