[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13739

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

NIKOLAS JAMES COOK,
a.k.a. Nikolas Cook,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:21-cr-14007-KMM-1

_____

Before WILSON, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Nikolas Cook pleaded guilty, pursuant to a written plea agreement containing a sentence-appeal waiver, to three counts of child-pornography related charges.[1] The district court imposed consecutive statutory maximum terms of imprisonment on each count, for a total of 840 months' imprisonment. Cook appeals, arguing that his sentence is procedurally and substantively unreasonable. The government moves to dismiss this appeal pursuant to the sentence-appeal waiver. Cook opposes the motion, arguing that the appeal waiver is ambiguous because it did not specify that he would be unable to appeal the district court's decision to run his sentences consecutively. After review, we conclude that the appeal waiver is unambiguous, valid, and enforceable. Therefore, we grant the government's motion to dismiss.

Cook's written plea agreement informed him of the statutory maximums for each offense, and that those "sentences of imprisonment may be run consecutively, for a total of 70 years'

---

[1] Specifically, Cook pleaded guilty to production of material containing visual depictions of sexual exploitation of minors (Count 4); distribution of material containing visual depictions of sexual exploitation of minors (Count 5); and possession of matter containing visual depictions of sexual exploitation of minors (Count 6). In exchange for Cook's plea, the government agreed to dismiss three other counts related to child pornography.

imprisonment."   The agreement also contained the following sentence-appeal waiver:

> The defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford the defendant the right to appeal the sentence imposed in this case.  Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing.   The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291.  However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of his right to appeal his sentence.  The defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (l) the statutes to which the defendant is pleading guilty are unconstitutional; and that (2) the admitted conduct does not fall within the scope of the statutes of conviction.  By signing this

agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with this Office, to request that the Court enter a specific finding that the defendant's waiver of his right to appeal the sentence imposed in this case and his right to appeal his conviction in the manner described above was knowing and voluntary.

At the change-of-plea hearing, the magistrate judge[2] confirmed that Cook read the agreement in its entirety, understood it, and signed it. The magistrate judge cautioned that Cook would be bound by "every word of this agreement" and Cook confirmed that he understood. The magistrate judge then reviewed the applicable statutory minimum and maximum sentences for each count,[3] and informed Cook that the sentences "may be run consecutively for a total of 70 years' imprisonment. Again, Cook affirmed that he understood.

The magistrate judge then read the appeal-waiver provision in its entirety into the record. Cook confirmed that he had discussed the provision with his counsel, that he understood it, and

---

[2] Cook consented to the magistrate judge taking his plea.

[3] Count 4 carried a statutory minimum term of 15 years' imprisonment and a maximum of 30 years' imprisonment. Count 5 carried a statutory minimum term of 5 years' imprisonment and a statutory maximum of 20 years' imprisonment. Count 6 carried a statutory maximum of 20 years' imprisonment.

that he agreed to waive his right to appeal. Accordingly, the magistrate judge entered a finding that Cook's waiver of his right to appeal was knowing and voluntary.

The magistrate judge also informed Cook that the sentence imposed might be different from any estimate Cook's lawyer may have provided, and that the sentence could be more or less severe than Cook anticipated. The magistrate judge reiterated that the district court had the authority to sentence Cook "up to the statutory maximum penalty permitted by law, which, as we discussed from your plea agreement, is up to 70 years." The magistrate judge further emphasized that, by entering his plea, Cook was "waiving or giving up [his] right to appeal all or part of the sentence imposed by the Court except under the limited circumstances we talked about in your plea agreement." Cook again confirmed that he understood. Accordingly, the district court accepted Cook's plea, finding that it was knowing and voluntary.

The district court imposed the statutory maximum term of imprisonment on each respective count and ordered that the sentences run consecutively, for a total of 840 months' imprisonment.[4] At the end of the sentencing hearing, the district court stated that Cook had the right to appeal the sentence. This appeal followed.

---

[4] Cook's advisory guidelines range was the statutory maximum of 840 months' imprisonment.

Cook argues that the sentence-appeal waiver is ambiguous because it refers to a limitation of appellate rights "unless the sentence exceeds the maximum permitted by statute," which does not contemplate the possibility of statutory maximum sentences run consecutively. Rather, he argues that a reasonable reading of this language suggests his appeal would not be barred if his sentence exceeded 30 years—*i.e.*, the highest statutory maximum sentence he faced on Count 4. In support of his argument, he points out that, during the change-of-plea hearing, the court did not discuss the meaning of the referenced "unless the sentence exceeds the maximum permitted by statute" language in the sentence-appeal waiver. And he notes that at sentencing that the district court informed him that he had a right to appeal.

We interpret the language of a plea agreement according to its plain and ordinary meaning. *See United States v. Hardman*, 778 F.3d 896, 900 (11th Cir. 2014) ("The language of a plea agreement should be given its ordinary and natural meaning unless the parties indicate otherwise."); *United States v. Rubbo*, 396 F.3d 1330, 1334 (11th Cir. 2005) (explaining that the terms of plea agreements should be interpreted according to "their usual and ordinary meaning"). "[I]n determining the meaning of disputed terms, the court applies an objective standard and eschews both 'a hyper-technical reading of the written agreement' and 'a rigidly literal approach in the construction of the language.'" *Hardman*, 778 F.3d at 900 (quoting *United States v. Copeland*, 381 F.3d 1101, 1105 (11th Cir. 2004)). "When a plea agreement is ambiguous, it must

21-13739                Opinion of the Court                7

be read against the government." *Copeland*, 381 F.3d at 1105–06 (quotation omitted)).

We must determine the meaning of "the maximum permitted by statute" as used in Cook's plea agreement. The Supreme Court's decision in *United States v. LaBonte*, 520 U.S. 751 (1997), is instructive. In that case, the Supreme Court interpreted the meaning of the phrase "maximum term authorized" as used in an amendment to the Sentencing Guidelines and held that the phrase "should be construed as requiring the 'highest' or 'greatest' sentence allowed by statute." *Id.* at 758. In reaching that conclusion, the Supreme Court expressly rejected the argument that Cook makes here—that the "'maximum term authorized' refers only to the highest penalty authorized by the offense of conviction." *Id.* Rather, the Supreme Court explained that the "maximum term authorized" is the base term prescribed for a specific offense plus any statutory sentencing enhancements. *Id.* at 758–59. District courts are authorized by statute to run multiple terms of imprisonment imposed at the same time consecutively or concurrently. *See* 18 U.S.C. § 3584(a). Thus, we have repeatedly interpreted the maximum statutory sentence as the total aggregate statutory maximum for multiple offenses. *See, e.g.*, *United States v. Davis*, 329 F.3d 1250, 1254 (11th Cir. 2003) (holding that *Apprendi*[5] does not prohibit a sentencing court from imposing

---

[5] In *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the

consecutive sentences on multiple counts of conviction as long as each is within the applicable statutory maximum); *United States v. Hester*, 287 F.3d 1355, 1357 (11th Cir. 2002) (explaining that statutory maximum for purposes of *Apprendi* is "the aggregate statutory maximum for the multiple convictions"); *United States v. Smith*, 240 F.3d 927, 930 (11th Cir. 2001) (holding the sentence does not exceed the statutory maximum and there is no *Apprendi* error where the sentence imposed is less than the aggregate statutory maximum for multiple convictions). It follows necessarily that the plain meaning of the term "maximum permitted by statute" as used in Cook's plea agreement is the statutory maximum for each count in the aggregate.

Cook's plea agreement and change-of-plea hearing further support this interpretation. The plea agreement contained a provision that set forth the applicable statutory maximums for each offense, and it stated that those "sentences of imprisonment may be run consecutively, for a total of 70 years' imprisonment." Cook affirmed that he read the agreement, understood it, and he signed it. And during the change-of-plea hearing, the magistrate judge reviewed the applicable statutory maximum sentences for each count, and informed Cook multiple times that those sentences "may be run consecutively for a total of 70 years' imprisonment. Cook again confirmed that he understood. These statements

---

penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

undermine Cook's contention that he did not understand that the "maximum permitted by statute" as contemplated by the sentence-appeal waiver in his plea agreement meant 70 years' imprisonment. Finally, we note that we have previously rejected a similar claim that the imposition of consecutive sentences exceeds the statutory maximum or the guidelines range and is therefore not barred by an otherwise enforceable sentence-appeal waiver. *See United States v. Segarra*, 582 F.3d 1269, 1272–73 (11th Cir. 2009) (holding that the imposition of consecutive sentences did not exceed the statutory maximum or the applicable guidelines range, and, therefore, defendant's claim was barred by valid appeal waiver).

Accordingly, Cook's sentence-appeal waiver bars his claim provided that it is valid and enforceable.

We enforce appeal waivers that are made knowingly and voluntarily. *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006); *United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993). To demonstrate that a waiver was made knowingly and voluntarily, the government must show that either (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Bushert*, 997 F.2d at 1351.

Here, the district court expressly questioned Cook about the waiver during the plea colloquy, and he stated that he understood the waiver. Accordingly, the waiver was knowingly and voluntarily made and is enforceable. *Id*; *see also United States v.*

*Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001) (enforcing an appeal waiver where "the waiver provision was referenced during [the defendant's] Rule 11 plea colloquy and [the defendant] agreed that she understood the provision and that she entered into it freely and voluntarily").

It is well-established that an appeal waiver "cannot be vitiated or altered by comments the court makes during sentencing." *United States v. Bascomb*, 451 F.3d 1292, 1297 (11th Cir. 2006). Thus, the district court's statement at the end of the sentencing hearing that Cook had a right to appeal the sentence, had no effect on the appeal waiver. *Id.*; *United States v. Howle*, 166 F.3d 1166, 1168–69 (11th Cir. 1999).

Accordingly, Cook's procedural and substantive reasonableness challenges to his within-Guidelines statutory maximum sentence do not fall within any of the exceptions to his valid sentence-appeal waiver. Consequently, we GRANT the government's motion to dismiss.

**APPEAL DISMISSED.**